IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THERESA CASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 20-567 |
| | ) | |
| WENDY'S OF BOWLING GREEN, | ) | |
| INC.; CARLISLE CORPORATION, | ) | |
| et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Wendelta, Inc., incorrectly named as Carlisle Corporation, and Carlisle Corporation, gives notice of their removal of this action from the Circuit Court of Mobile, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, as authorized by 28 U. S. C. §§ 1332, 1441, and 1446.  As grounds for removal, Defendants show the Court the following:

### THE REMOVAL IS TIMELY

1.      This civil action was commenced by the filing of a complaint in the Mobile Circuit Court on October 20, 2020, where it was assigned case number CV-2020-902121.  Less than one year has elapsed since the filing of the Complaint.

2.      The defendant Carlisle Corporation was served with the summons and complaint on October 26, 2020.  Fewer than 30 days have elapsed since this defendant was served with process in the state court action.  Wendelta has not been served but has filed an answer in the state court action.

COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

3.      There is a single plaintiff in this action, identified as Theresa Castro.
Paragraph 1 of the Complaint states that plaintiff Castro is "a resident citizen of
the State of Alabama."  (See process and pleadings made in the Circuit Court
attached hereto as Exhibit A).   Therefore, for purposes of diversity and removal
jurisdiction, Plaintiff is a citizen of Alabama and no other state.

4.      Wendelta, Inc., the operator of the subject Wendy's Restaurant where
the business fell, is incorrectly named as Carlisle Corporation in the Complaint, as
Wendelta is the operator of the subject Wendy's Restaurant.  (See Par. 4,
Declaration of Chancellor G. Carlisle, CEO and President of Wendelta and CEO of
Carlisle, LLC, attached hereto as Exhibit B).

5.      Defendant Wendelta is deemed to be a citizen of the State of
Mississippi because it was incorporated in the State of Mississippi with its principal
place of business in Memphis, Tennessee. (Par. 3, Chancellor Declaration).  See also
28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State
and foreign state by which it has been incorporated and of the State or foreign state
where it has its principal place of business.").

6.      In any event, Carlisle Corporation is now known as Carlisle, LLC
("Carlisle").  (Par. 6, Chancellor Declaration).  Carlisle, LLC is a citizen of
Tennessee, for the purposes of diversity and removal jurisdiction, and has diverse
citizenship from the Plaintiff.  The Complaint admits that Carlisle is a citizen of
Tennessee alleging that Carlisle "is a business organized under the laws of

Tennessee". (Par. 3, Complaint).   Carlisle's principal place of business, further, is in Tennessee and no member of Carlisle is a resident citizen of Alabama. (Par. 7, Chancellor Declaration).

7.   Defendant Wendy's of Bowling Green, Inc., is a Kentucky Corporation with its principal place of business in Bowling Green, Kentucky.  (See Consent to Removal of Wendy's of Bowling Green, attached hereto as Exhibit C).

8.   The Complaint identifies a number of fictitiously-named parties as defendants.  For purposes of removal the citizenship of such defendants "shall be disregarded."  20 U.S.C. § 1441(b).

9.   In summary, Plaintiff is a citizen of Alabama, and no other state, and no defendant is an Alabama citizen.  There is complete diversity of citizenship.

AMOUNT IN CONTROVERSY

10.   Nowhere in the Complaint, neither in the individual counts nor at the Complaint's foot, is there a demand for a particular amount of damages.  This type of "indeterminate" prayer for relief is no barrier to a diversity-based removal, as has been discussed by the Supreme Court.

11.   In *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014), the Supreme Court stated, regarding the amount-in-controversy allegations in a Notice of Removal:

> In sum, as specified in § 1446 (a) a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446 (c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Id*. at 554.

12.     In this case, there is more than a plausible allegation, and in fact, there is a preponderance of the evidence, that the amount in controversy in this action, exclusive of costs in interest, exceeds $75,000.

13.     There are several clear indicia that the jurisdictional amount is present here.  First, in Alabama and Mobile County practice, a circuit civil plaintiff has a filing fee choice break line at $50,000.  For "Civil suits up to $50,000", the filing fee for one plaintiff is $260.00 ($215.00 + $45.00).  (See "Thirteen Judicial Court of Alabama, Serving Mobile County" website, Page, "Circuit Civil Division – Filing Fees", attached as Exhibit D;  See also <u>Code of Alabama</u> § 12-19-71(a)(4)). For "Civil suits exceeding $50,000", the filing fee for one plaintiff is $360.00 ($315.00 + $45.00).  In this case the sole Plaintiff Theresa Castro elected to pay the filing fee of $315.00 plus $45.00, for claims exceeding $50,000. (See Alacourt.com, Fee Sheet 02-CV-2020-902121.00, attached as E).

14.     Moreover, prior to filing suit, counsel for the Plaintiff made statements in a pre-suit demand letter of May 19, 2020 regarding the value of this case which clearly demonstrate that the amount in controversy exceeds $75,000.  (See Exhibit 1 to Declaration of Chancellor Carlisle).

15.     The law is reasonably well defined in this district and elsewhere in this circuit that a pre-suit demand letter may provide substantial evidence of the actual amount in controversy.  *Benandi v. Mediacom Se., LLC*, No. CIV.A. 11-00498-CG-

N, 2011 WL 5077403, at *2 (S.D. Ala. Sept. 30, 2011), report and recommendation adopted, No. CIV.A. 11-00498-CG-N, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011).  In personal injury cases before this Court, Plaintiff's demand letters are relevant in considering whether the amount in controversy requirement is satisfied.  *Sims v. Valluzzo*, No. 16-0161-WS-B, 2016 WL-3211430 (S.D. Ala. June 9, 2016).

16.     This Court has found that settlement offers consisting of "puffing and posturing" are entitled to little weight in satisfying the burden of establishing the amount in controversy.  *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  However, settlement offers furnishing "specific information" supporting the claim suggest that the plaintiff is "offering a reasonable assessment" of the value of their claim, and are "entitled to more weight." *Id.*

17.     In this case, the Plaintiff's settlement demand set out in the letter of March 19, 2020 was not mere puffing or posturing but instead offered specific information supporting the claim.

18.     First, the letter sets out the specific information regarding the level of treatment that had been performed to date on the Plaintiff:

> Our client immediately sought treatment at Providence Hospital. and then was diagnosed with a fractured left wrist and partial tear of her left shoulder. An orthopedic surgeon performed surgery on September 27, 2019 to repair her wrist.  She was ordered to attend physical therapy after recovering from her surgery, but was unable to do so.

(Exh. 1, Carlisle Dec.).

19.     Furthermore, the letter specifically indicates that even after surgery had been performed on the Plaintiff, she nonetheless was continuing to suffer from

severe pain and would never return to her previous level of function:

> She is currently suffering severe pain on a daily basis as a result of the injuries sustained.
>
> Our client will likely never return to the level of function she experienced before the fall.

(Exh. 1, Carlisle Dec.).

20.     Furthermore, the letter contains a detailed itemization of the bills that the Plaintiff has incurred to date which totaled $35,274.96. (Exh. 1, Carlisle Dec.). Additionally, the letter indicates Plaintiff's counsel's opinion "that this case has a reasonable settlement value of $200,000". Obviously, this letter was not a mere demand, but plaintiff's counsel assessment of what the case is worth. (Exh. 1, Carlisle Dec.).  Moreover, the letter is substantiated by 124 pages of medical bills and records which are organized by healthcare provider and which set out in detail the Plaintiff's complaints and medical treatment. (These medical bills and records will be filed supplementally after redaction for personal information).

21.     It should also be noted that this letter was sent approximately nine months after the Plaintiff's alleged injury of June 20, 2019, and after surgery on the plaintiff's wrist was completed. Accordingly, this was not an off-the-cuff settlement demand sent shortly after the Plaintiff's alleged fall, but was a substantiated and specific assessment of the Plaintiff's claim and its alleged "reasonable settlement value".

22.     The Plaintiff's settlement demand in this matter is similar to other slip/trip and fall cases where  the plaintiffs' settlement demands, which were

specific and substantiated by documentation, were found by this Court to be sufficient to establish the amount in controversy.  See *Sims v. Valluzzo*, 2016 WL 3211430, at *3. (In action involving allegedly unreasonably safe condition of floor, where the plaintiff incurred out-of-pocket losses and $28,509.22, the plaintiff's counsel sent a specific detailed settlement demand letter demanding $295,000, the plaintiff continued to complain of constant pain and limited motion in her shoulders, the complaint sought compensatory damages for pain and suffering, emotional distress and mental anguish, and also for punitive damages, the burden of proving the amount in controversy was met); *Benandi*, 2011 WL 5077403, *3. (In trip and fall action, where medical charges to date totaled approximately $4,100 and the estimated cost of surgery to repair the plaintiff's labral tear allegedly suffered in the incident would be $12,000 to $15,000, where plaintiff's counsel sent a settlement demand for $92,000 which was based upon the treating physicians records, and where plaintiff sought punitive damages, the burden of proving that the amount in controversy more likely than not exceeded $75,000 was met).

23.    In this case, the Plaintiff in her Complaint not only seeks damages for medical treatment, but also for physical pain, mental anguish, damages for "being prevented from going about her normal activities", for permanent injury, and for mental anguish and emotional distress. (See Complaint within Exh. A, Par. 10).

16.    The Complaint further contains a claim for wantonness and for punitive damages.  It has been well-established for 75 years that, in evaluating the diversity jurisdictional amount, the potential recovery of punitive damages must be

included.  *See Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 64 S. Ct. 5 (1943).

Of course, defendant Windelta and Carlisle deny that plaintiff will recover any

damages from them.  But what counts is what plaintiff will put at issue, without

any discount for the possibility that plaintiff will lose. *See South Fla. Wellness, Inc.*

*c. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014). The Plaintiff's demand

letter of March, 19, 2020 clearly establishes that the Plaintiff will put in issue a

claim for more than $75,000.

17.    Based on the foregoing, this Court has diversity jurisdiction of this

action because there is complete diversity of citizenship and the amount in

controversy, exclusive of costs and interest, exceeds $75,000. The action is

removable because the Notice is timely filed and no defendant is an Alabama

citizen.

## OTHER MATTERS

18.    Attached as Exhibit C to this Notice is a consent to removal signed on

behalf of defendant Wendy's of Kentucky, the only other defendant who has been a

party to this matter. 1

19.    A true copy of all process and pleadings served upon Wendelta and

---

1 Defendant Wendy's of Kentucky was dismissed on October 29, 2020 from the
underlying action pursuant to a Voluntary Motion to Dismiss of the Plaintiff on the
grounds that "New information has come to light which indicates that Wendy's of
Bowling Green, Inc. has no affiliation with the restaurant location made the basis of
this suit". (Exh. A).  These Defendants would submit that Wendy's of Bowling
Green was therefore fraudulently and improperly joined in the action, and as they
have been dismissed, no consent was necessary, nor should they be considered in
terms of determining the propriety of jurisdiction or this Notice.  In any event,
Wendy's of Bowling is diverse from the Plaintiff and out of an abundance of caution
their consent to the removal has been obtained and filed with this Notice.

Carlisle in this action, as well as all other filings made in the Circuit Court, is attached hereto as Exhibit A, and is made a part hereof as if fully set forth herein.

20.     Promptly upon filing this Notice, defendants Wendelta and Carlisle will file a copy of same with the clerk of the state court, which will effect the removal.

21.     28 U. S. C. § 81 (c)(2) defines the Southern Division of the Southern District of Alabama as incorporating Mobile County, so the action is properly removed to this Court.

/s/Winston R. Grow
WINSTON R. GROW (GROWW8522)
Attorney for Defendant Wendelta, Inc. and
Carlisle Corporation

CABANISS, JOHNSTON, GARDNER,
   DUMAS & O'NEAL LLP
P. O. Box 2906
Mobile, AL 36652
(251) 415-7300
(251) 415-7350 (Fax)
email: wrg@cabaniss.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Kirby D. Farris, Esq.
kfarris@frplegal.com

Jessica M. Zorn, Esq.
jzorn@frplegal.com

I also placed a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

Wendy's of Bowling Green, Inc.
c/o CT Corporation System
2 North Jackson Street,  Suite 605
Montgomery, AL  36104

<u>/s/Winston R. Grow</u>

{M0308929.1}